DORÉ, Judge.
The litigation herein resulted 'from a collision which occurred at the intersection of U. S. Highway 190 and State Highway 337, at the town of Denham Springs in Livingston Parish, Louisiana, between an automobile belonging to and being operated by Davis Crowder.
The plaintiff Ray Underwood alleges that on September 15, 1951, at approximately 6:15 o’clock P.M. he was driving his 1941 Ford two-door sedan in an easterly direction along U. S. Highway 190 in the southern part of Denham Springs, Louisiana and at a point where Range Avenue (State Highway 337), also a public highway, intersects with the said U. S. Highway 190; that petitioner was operating his said automobile in a careful and prudent manner at approximately twenty-five miles per hour, along the south side of the center line running through said highway; that at the time Davis Crowder, the defendant, who was operating his Kaiser sedan automobile in a southerly direction along Range Avenue, *35 brought his said automobile to a stop at the intersection as if he intended to wait for the on-coming traffic going east and west along said U. S. Highway 190 to clear before crossing over on said highway, but that without warning, the said Davis Crowder drove his said automobile coming out onto the paved portion of U. S. Highway 190 and attempted to cross same going in a southerly direction thereby causing the petitioner to drive his said automobile into and against defendant’s automobile causing damage to petitioner’s automobile in the sum of $314.-18. The plaintiff sues the defendant for that sum on the allegation that the accident was caused by the sole negligence of the defendant in driving out onto paved highway 190 and attempting to preempt plaintiff’s right-of-way.
The defendant in his answer denies any negligence on his part and contends that the collision occurred after he had completely crossed the intersection and had gone over on the south graveled shoulder of U. S. Highway 190 and that the accident was caused by the sole gross negligence of the plaintiff in the following respects:
1. In driving his car without lights.
2. In driving his car at an excessive rate of speed.
3. In cutting out of the lane of traffic on the South side of Highway 190 and running into defendant’s car which had already crossed Highway 190, and was some 30 feet beyond the right-of-way of Highway 190 and proceeding in a Southerly direction along Range Avenue, a public highway, where defendant had the right-of-way.
4. In not having his oar under proper control and in not applying his brakes in time to avoid the accident.
5. In not sounding his horn to warn defendant that plaintiff intended to cross Range Avenue from the west side.
6. In not waiting until defendant, who at the time had the right-of-way over Range Avenue, had cleared.
Defendant then assumes the position of plaintiff in reconvention and demands judgment against the plaintiff in the sum of $368.59.
After trial of the case the lower court, without assigning any written reasons, rendered judgment in 'favor of plaintiff Ray Underwood and against the defendant Davis Crowder on the main demand in the sum of $314.82, with legal interest and cost, and rendered judgment on the reconven-tional demand in favor of the defendant in reconvention Ray Underwood and against the plaintiff in reconvention Davis Crowder dismissing and rejecting the reconventional demand. The defendant Davis Crowder has appealed.
It has been stipulated in this case that the amount, of damages to plaintiff’s automobile was $314.82 and the amount of damages to the defendant’s automobile was $368.59; therefore the only question involved is that of liability, and in .that connection the serious question in the case is whether the plaintiff has borne the'burden of proof showing that defendant was guilty of negligence proximately causing the collision. If so, the plaintiff should recover, regardless of possible negligence on his part, because the defendant has failed to specially plead contributory negligence.
The evidence shows that the U. S. paved Highway 190 is a main thoroughfare and that all motorists who travel along said highway by custom and practice have the right-of-way over motorists coming on the highway from Louisiana Highway 337. It is shown that U. S. Highway 190 is .a straight road at the point of intersection for several hundred yards both east and west. It is further shown that the plaintiff was driving on said highway in an easterly direction whereas the defendant was driving on the other highway, which meets but does not continue beyond Highway 190, in a southerly direction and hence, under the traffic rules generally the plaintiff had the right-of-way since the defendant was coming onto the highway from plaintiff’s left.
The defendant testified that he drove onto Highway 190 and stopped his vehicle and looked both to the right and left and that after two automobiles which were proceeding from the east hád crossed the intersection, he entered the intersection failing to see plaintiff’s automobile which *36 was proceeding' from the west. The defendant did not give any reason for failing to see plaintiff’s automobile approach the intersection from the west, but it is shown that at the northwest corner of the intersection there was a pile of dirt and heavy road machinery which might have interfered with his vision on the west side of-U. S. Highway 190. He was asked the question “You said you could not see on Highway 190 to the west because of a drag line and some dirt?” to which he answered, “I said I could ¡not see very far.” In any event h'e admits that as he.crossed he did not see the plaintiff coming and contends that he was on the gravel on the other side about five feet before the plaintiff hit him. His contention is that'-he failed to see the plaintiff because the plaintiff was driving without lights.
The plaintiff contends that the accident happened at about 6:15 o’clock P.M. and in effect that while lights were not then necessary he did have his parking lights burning; -that he was driving at about 25 miles per hour; that the defendant suddenly entered the highway and that upon seeing him in his path he hit his brakes and started pulling to his right but that he struck the defendant’s car on the highway, because he did not have sufficient time to go around it.
The only other witnesses who testified that they saw the accident were Miss Dorothy Crowder, the defendant’s daughter who was riding with him at the time of the accident, and Mr. A. N. Palmer, who was a bystander.
Miss Crowder, a 16 year old school girl, corroborates her father with reference to how he entered the highway and crossed' the pavement and after being on the graveled shoulder north of the pavement, she says she saw the oncoming Underwood car and thereupon warned her daddy; that the Underwood car did not have any lights.
Mr. A. N. Palmer testified that he saw the accident and he gives exactly the same version thereof as plaintiff Underwood. He says he saw it happen on the paved road; that Underwood was not making over 25 miles per hour and that Underwood just prior to the collision put his brakes on and pulled his car to the right; that the cars “hit kind of a glancing blow and when they did it knocked Underwood’s car off the highway and it landed on top of a gas pump.” He testified further that at the time of the accident there was plenty of light; it was not dark at all and that at the intersection you can see either way on Highway 190 “as far as your eyes will let you see.”
It was stipulated by counsel that the trial judge could consult a'World Almanac to determine the time of sunset on the date of the accident. Plaintiff contends that the accident happened at 6:15 P.M.; whereas, the defendant contends that it could be as late as 7:00 P.M.' and that lights were burning on the service station 'and other business places around the scene of the accident, and also that automobiles, except plaintiff’s automobile had their regular lights burning.
We have not been favored with any written reasons of the trial judge but we must conclude from his judgment that he found as a matter of fact that the defendant should have seen the approaching Underwood car and that by admitting that he failed to see it as he entered the intersection he convicts him of gross negligence which was a proximate cause, if not the sole proximate cause, of the collision. Undoubtedly the plaintiff had the right-of-way and undoubtedly he used every precaution he could to avoid the collision after he was confronted with the emergency created by the defendant. It is true that if it was necessary to have regular lights burning at.the time of the collision the defendant might be excused from having failed to see the plaintiff’s car but the evidence is to the effect that visibility was not sufficiently impaired by darkness at the time of the accident to excuse the defendant for his failure to see plaintiff’s car. We can find no manifest error in the obvious conclusion of facts of the trial judge that the sole cause of the accident was the negligence of the defendant in entering the right-of-way street in the face of and without seeing the oncoming automobile of plaintiff, and the judgment is therefore affirmed.